**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Di Van TRAN, aka Davis Tran,**
**Defendant—Appellant.**

No. 02–10577.

D.C. No. CR–00–00265–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2003.

Decided Sept. 4, 2003.

Lawrence J. Leigh, AUSA, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Jeffrey L. Russell, Esq., Auburn, CA, for Defendant–Appellant.

Before HALL, O'SCANNLAIN, Circuit Judges, and BEISTLINE,* District Judge.

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

MEMORANDUM **

Tran's appeal raises one issue–whether the district court had jurisdiction over the government's criminal prosecution of him for violation of 18 U.S.C. § § 1343 and 2314. To the extent that Tran's reply brief may be read to raise an issue as to the sufficiency of the evidence on the issue of whether the wires were used for the purpose of executing the fraudulent schemes, we do not consider it. *Dilley v. Gunn,* 64 F.3d 1365, 1367 (9th Cir.1995) (this court usually does not consider arguments made for the first time in a reply brief).

Both sections 1343 and 2314 seek to prohibit conduct "in foreign commerce." Tran argues that since the fraudulent schemes at issue did not occur in the United States, the statutes do not confer jurisdiction upon a court of the United States. Even assuming that Tran is correct that none of the schemes can be considered to have occurred in the United States, we disagree with his argument that this would preclude an exercise of jurisdiction. Neither statute under which Tran was convicted, seeks to punish fraudulent schemes *per se.* Rather, the statutes criminalize certain conduct connected with fraudulent schemes.

Section 1343 prohibits a person from using a wire "in interstate or foreign commerce" to execute a fraudulent scheme. 18 U.S.C. § 1343. Section 2314 prohibits a person from "transport[ing]" funds known to have been taken by fraud in foreign commerce. The government's indictment alleges that this is precisely the behavior in which Tran engaged. We have no doubt that the wires and transporting occurred in foreign commerce. Wires were made into and out of the United States. Funds were transferred into and out of the United States.

Tran's reliance on cases dealing with the extraterritorial application of federal criminal statutes is misplaced. Each use of a wire or transfer of money either originated or terminated in the United States. The application of the statutes was therefore not an extraterritorial application. There is accordingly no need to consider whether Congress intended for these statutes to be applied for criminal behavior taking place wholly outside of the United States.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.